IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN E. RAPHAEL, ESQUIRE | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-3808 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF JUSTICE | : | |
| | : | |
| Defendant. | : | |

**ORDER**

    AND NOW this _____ day of _____, 2002 upon consideration of the United States of America's Motion to Dismiss the Complaint, and the Response, if any, the Motion is GRANTED. The Complaint is Dismissed with prejudice.

BY THE COURT:

_____
GREEN, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN E. RAPHAEL, ESQUIRE : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 02-3808 |
| : | |
| v. : | |
| : | |
| UNITED STATES DEPARTMENT OF JUSTICE: | |
| : | |
| Defendant. : | |

## UNITED STATES DEPARTMENT OF JUSTICE'S
## MOTION TO DISMISS THE COMPLAINT

The United States Department of Justice, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), requests that the Court Dismiss the Complaint for lack of jurisdiction and for failure state a claim upon which relief may be granted.  The reasons for this Motion are more fully set forth in the attached Memorandum of Law which is incorporated herein by reference.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

_____
SUSAN SHINKMAN
Assistant United States Attorney

```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

KEVIN E. RAPHAEL, ESQUIRE       :
                                :
            Plaintiff,          :    CIVIL ACTION NO. 02-3808
                                :
       v.                       :
                                :
UNITED STATES DEPARTMENT OF JUSTICE:
                                :
            Defendant.          :

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES
DEPARTMENT OF JUSTICE'S MOTION TO DISMISS**

I. INTRODUCTION

This action was brought by Kevin Raphael under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, against the United States Department of Justice ("DOJ").  Mr. Raphael seeks an Order requiring that the DOJ permit him access to documents he claims were wrongfully withheld under FOIA.  Since Mr. Raphael did not make a proper request under FOIA, and the document he seeks has already been provided to him by another party who sought the same document, the DOJ requests that the Complaint be dismissed.

II. STANDARD OF REVIEW

In this Motion to Dismiss, the United States asserts that this Court has no jurisdiction over the subject matter of the claim and it must be dismissed under Fed. R. Civ. P. 12(b)(1) and that it fails to state a claim upon which relief may be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).  When the

1

subject matter jurisdiction of the court is challenged, the party that invokes the court's jurisdiction -- i.e., the plaintiff -- bears the burden of persuasion. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir. 1991), cert. den., 501 U.S. 1222 (1991).  Furthermore, to the extent, the DOJ is filing this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in that context the Court must accept the factual allegations in the Complaint as true and the Plaintiff receives the benefit of all reasonable inferences to be drawn from it.  City of Philadelphia v. Lead Industries Association, 994 F.2d 112 (3rd Cir. 1993).

III. ARGUMENT

The FOIA and Privacy Act, grant district courts jurisdiction to enjoin an agency from improperly withholding agency records. 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(3)(A).  However, a prerequisite to that jurisdiction is that there must be improper agency action under these statutes for which judicial review may be sought.  The Supreme Court defined the limits of that jurisdiction in Kissinger v. Reporters Committee for the Freedom of the Press, 445 U.S. 136, 150 (1980):

> Under 5 U.S.C. section 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by section 552, if the agency has contravened all three components of this obligation.

See also, United States Department of Justice v. Tax Analysts, 492 U.S. 136 (1989).

There has been no improper withholding of agency records.

A. Plaintiff has not exhausted his administrative remedies

In his Complaint Mr. Raphael alleges that he has exhausted his administrative remedies by filing with the FBI, an agency of the Department of Justice, a November 19, 2001 letter requesting access to specific documents under FOIA. (Complaint ¶ 23, Exhibit A to the Complaint). The documents he refers to are records pertaining to an interview of Edward Laurence McLeod in May 1995, particularly Mr. McLeod's FBI 302 Report. (Complaint ¶ 24).

Pursuant to 5 U.S.C.A. §552a(b), the DOJ, like any agency, is prohibited from disclosing records to any person, without the prior written consent of the individual to whom the record pertains. The letter Mr. Raphael sent the FBI on November 19, 2002, encloses a written waiver by Mr. McLeod, to disclose his records, not to Mr. Raphael, but to <u>his</u> attorney, Michael K. Wolensky, Esquire. (Complaint, Exhibit A, Attachment 1). Mr. Raphael provided the FBI with no written consent by Mr. McLeod to provide the records to him.

Mr. Raphael's assertion in his Complaint that he has exhausted his administrative remedies is wrong. Mr. Raphael has not filed any request under FOIA with which the DOJ could comply, because he had no written waiver from Mr. McLeod, the person to whom the records pertain. Accordingly, the agency is not

3

improperly withholding any records and the Court has no jurisdiction to issue an order under FOIA.

B. The Complaint is moot, because Mr. Raphael has received the documents he has been seeking

While Mr. Raphael has not filed a request under FOIA to which the DOJ was authorized to respond, the DOJ did provide the documents, Mr. McLeod's interview reports, to Mr. Wolensky. They were in turn provided by Mr. Wolensky to Mr. Raphael. (See attached as Exhibit 1, Letter from Michael Wolensky to Kevin Raphael dated, August 12, 2002). Even if this Court had jurisdiction over the Complaint, and even if the Complaint stated a claim, the issue is moot since Mr. Raphael has already received the documents.

IV. CONCLUSION

For all of the above stated reasons, the United States Department of Justice respectfully requests that the Complaint be dismissed with prejudice.

    Respectfully submitted,

    PATRICK L. MEEHAN
    United States Attorney

    _____
    JAMES G. SHEEHAN
    Assistant United States Attorney
    Chief, Civil Division

    _____
    SUSAN SHINKMAN
    Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2002, a true and correct copy of the foregoing Motion to Dismiss was sent by first class mail, postage prepaid, to:

> Kevin E. Raphael, Esquire
> Miller, Alfano & Raspanti, PC
> Suite 3402
> 1818 Market Street
> Philadelphia, PA 19103

_____
SUSAN SHINKMAN
Assistant United States Attorney