IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN E. RAPHAEL, ESQUIRE :
:
       Plaintiff, : CIVIL ACTION NO. 02-3808
:
  v. :
:
UNITED STATES DEPARTMENT OF JUSTICE:
:
       Defendant. :

**UNITED STATES DEPARTMENT OF JUSTICE'S REPLY TO**
**PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS**

I. INTRODUCTION

     The United States Department of Justice ("DOJ") has filed a Motion to Dismiss the Complaint and the Plaintiff, Mr. Raphael, has filed a Response. The DOJ files this brief Reply Memorandum to address the issues raised in the Plaintiff's Response.

II. ARGUMENT

     The Plaintiff has argued that he needs the information contained in the FBI-302 Report of Edward McLeod ("the 302 Report") in order to assist in his litigation of a private civil action pending in Florida and he is entitled to it under the Freedom of Information Act, 5 U.S.C. § 552, as amended, ("FOIA"). He also disputes the redactions contained in a copy of the 302 Report he received from Mr. McLeod's attorney in the private litigation.

1

As the DOJ asserted before, Mr. McLeod has a privacy interest in the 302 Report. This interest is protected not only by the Privacy Act, but by a specific provision of FOIA. That statute provides at 5 U.S.C. § 552(b) the following exemption to disclosure for:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy...

In <u>United States Department of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 780, 109 S.Ct. 1468, 1485 (1989) the court held that requests for law enforcement records of a third party fall squarely within this FOIA exemption:

> Accordingly, we hold as a categorical matter that a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy, and that when the request seeks no "official information" about a Government agency, but merely records that the Government happens to be storing, the invasion of privacy is "unwarranted."

Mr. Raphael seeks the 302 Report about an interview with Mr. McLeod from the FBI. That information about Mr. McLeod, within the FBI's files, falls squarely within the exemption, as defined in <u>Reporters Committee</u>. Mr. Raphael does not have a right to the FBI's records about Mr. McLeod under FOIA.

If Mr. Raphael had a waiver from Mr. McLeod, he may be able to obtain these records. <u>See</u>, <u>Schwartz v. United States Department of Treasury</u>, 131 F.Supp. 2d 142, 147 (D.D.C. 2000).

Mr. Raphael seems to appreciate the need for such a waiver, and in his request to the FBI on November 19, 2001, he attached a waiver form from Mr. McLeod. (Complaint, Exhibit A, Attachment 1). However, Mr. McLeod had signed the waiver authorizing production of the 302 Report to his attorney, Mr. Wolensky, not to Mr. Raphael.[1] Mr. Raphael has shown no waiver from Mr. McLeod authorizing the FBI to produce the 302 Report to Mr. Raphael.

Mr. Raphael has not asserted any public interest in the FBI providing the 302 Report to him, and the court need not even consider such an interest. The only interest Mr. Raphael has argued is that the 302 Report would be of assistance in current private litigation. Courts have uniformly held that seeking information in furtherance of private litigation falls outside the ambit of FOIA's goal of public disclosure of agency action. Massey v. Federal Bureau of Investigation, 3 F.3d 620, 625 (2d Cir. 1993); Garcia v. United States Department of Justice, Office of Information and Privacy, 181 F. Supp. 2d 353, 372 (S.D.N.Y. 2002).

Finally, Mr. Raphael disputes the redactions in the 302 Report which was provided to Mr. McLeod's attorney, Mr. Wolensky, and ultimately produced to Mr. Raphael. Mr. Raphael has no

---

[1] In the Response to the Motion to Dismiss, Mr. Raphael attaches his November 19, 2001 letter to the FBI as Exhibit B. However, in this filing he does not include as an Attachment the waiver from Mr. McLeod, authorizing release to his attorney, Mr. Wolensky.

standing to raise this issue since he was not entitled to the document under FOIA.  However, should the Court have any questions about those redactions, the DOJ is prepared to provide record evidence of their justification.

III. CONCLUSION

     For all of the above stated reasons, the United States Department of Justice respectfully requests that the Complaint be dismissed.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

_____
SUSAN SHINKMAN
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2002, a true and correct copy of the foregoing United States Department of Justice's Reply to Plaintiff's Response to its Motion to Dismiss was sent by first class mail, postage prepaid, to:

>Kevin E. Raphael, Esquire
>Miller, Alfano & Raspanti, PC
>Suite 3402
>1818 Market Street
>Philadelphia, PA 19103

_____
SUSAN SHINKMAN
Assistant United States Attorney