```
                        IN THE
             UNITED STATES DISTRICT COURT FOR THE
               EASTERN DISTRICT OF PENNSYLVANIA
```

------------------------------
KEVIN E. RAPHAEL, ESQUIRE,      :
          PLAINTIFF,            :
                                :
     V.                         :     C.A. NO.  02-3808
                                :
UNITED STATES DEPARTMENT        :
OF JUSTICE,                     :
          DEFENDANT.            :
                                :
------------------------------

ORDER

AND NOW, on this ____ day of _____, 2002, upon consideration of Defendant's Motion to Dismiss the Complaint, and the response thereto, it is hereby ORDERED that said Motion is DENIED.

                              BY THE COURT

                              _____
                              GREEN, S.J.

```
                         IN THE
         UNITED STATES DISTRICT COURT FOR THE
            EASTERN DISTRICT OF PENNSYLVANIA
```

```
-------------------------------
KEVIN E. RAPHAEL, ESQUIRE,      :
         PLAINTIFF,             :
                                :
     V.                         :   C.A. NO.  02-3808
                                :
UNITED STATES DEPARTMENT        :
OF JUSTICE,                     :
         DEFENDANT.             :
                                :
-------------------------------
```

## PLAINTIFF'S SURREPLY TO DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE'S REPLY

Plaintiff, Kevin E. Raphael, Esquire ("Mr. Raphael"), hereby submits his Surreply to Defendant United States Department of Justice's Reply to Plaintiff's Response to its Motion to Dismiss.

Mr. Raphael initiated his Freedom of Information Act ("FOIA") request on November 19, 2001. Neither the Defendant nor the Federal Bureau of Investigation ("FBI") raised 5 U.S.C. § 552(b)(7)(C) as an exception to Mr. Raphael's FOIA request until Defendant's Reply to Plaintiff's Response to its Motion to Dismiss ("Reply"). Defendant now argues that disclosure of Mr. McLeod's FBI-302 Report should be prevented as its production "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

Defendant, however, has already released Mr. McLeod's FBI-302 Report, albeit in redacted form, and arranged for that document to be provided to Mr. Raphael. See Exhibit A (August 6, 2002 letter from Assistant United States Attorney Shinkman, to Mr. McLeod's attorney, Mr. Wolensky, enclosing Mr. McLeod's redacted FBI-302 Report and requesting Mr. Wolensky to forward it to Mr. Raphael).

Defendant now cannot argue that the release of Mr. McLeod's FBI-302 Report would be an unwarranted invasion of Mr. McLeod's privacy, particularly since Defendant acted in concert with Mr. McLeod's attorney to produce the FBI-302 Report.[1]  See Exhibit B (August 12, 2002 letter from Mr. Wolensky to Mr. Raphael, enclosing Mr. McLeod's redacted FBI-302 Report).  Given this undisputed factual history, Defendant cannot meet its burden of proof that this newly stated exception, 5 U.S.C. § 552(b)(7)(C), is applicable.  See United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) ("The burden is on the agency, not the requester, to disprove that the materials sought are not 'agency records' or have not been 'improperly withheld'"); see also Plaintiff's Response to Defendant's Motion to Dismiss the Complaint ("Response") at 10-11.

The only dispute remaining is whether the Defendant's redaction of the names of third parties from the FBI-302 Report is permitted by an exception to FOIA.  See Response at 14-15. 5 U.S.C. 552(b)(7)(C) cannot justify the redactions of the names of third parties, particularly, Mr. Davies' and Mr. Smythe's, from the FBI-302 Report.  Defendant cites United States Dep't of Justice v. Reporters' Committee for Freedom of the Press, 489 U.S. 749 (1989), for the proposition that a third party's request for the law

---

[1] Mr. McLeod, pursuant to underlying litigation, was required by Florida law to produce the FBI-302 Report to Plaintiff's client, as it had been requested in discovery. Mr. McLeod also previously provided a privacy waiver, which was attached to Mr. Raphael's request for the FBI-302 Report. See Exhibit C.

enforcement records or other information about a private citizen could be an unwarranted invasion of privacy. Id. at 780. The question in Reporters' Committee, however, dealt with "whether the disclosure of the contents of a 'rap sheet' to a third party could reasonably be expected to constitute an unwarranted invasion of privacy within the meaning of 5 U.S.C. § 552(b)(7)(C)." Id at 750.

In the instant matter, release of the names of third parties in the FBI-302 Report cannot "reasonably be expected to invade the citizen's privacy...." Id. at 780. This is true particularly where the FBI-302 Report contains the names of "David Davies" or "Patrick Smythe."[2] Mr. Davies and Mr. Smythe both pled guilty to crimes relating to National Heritage, and admitted, in part, to the events covered in Mr. McLeod's FBI-302 Report. See Response, Exhibits F at 16-18 and G at 30. As the subject matter covered in the FBI-302 Report is a matter of public record, to the extent the FBI-302 Report concerns Mr. Smythe and Mr. Davies, the privacy concerns are moot. Additionally, as part of their pleas, Mr. Davies and Mr. Smythe pledged substantial cooperation in legal actions arising from their conduct. See Response, Exhibits F at 4-5 and G at 7-8. Their pledges are implicit waivers of Mr. Davies'

---

[2] Mr. McLeod, in a deposition in the Florida civil action, testified that a large number of the redacted sections contained the names "David Davies" or "Patrick Smythe." See Exhibit D (excerpts of Mr. McLeod's Deposition Testimony in Donna Lee H. Williams v. Prudential Securities, Inc. and Edward Laurence McLeod, CI 96-32235).

and Mr. Smythe's privacy rights.[3]  Finally, release of an unredacted FBI-302 Report as to the names of Mr. Davies and Mr. Smythe will not lead to harassment, intimidation or retaliation against those people identified.

For these reasons, Mr. Raphael's FOIA request is distinguishable from prior decisions upholding 5 U.S.C. § 552(b)(7)(C) as a valid exception to FOIA.  See Manna v. United States Dep't of Justice, 51 F.3d 1158 (3rd Cir. 1995) (upheld denial of FOIA request by convicted member of Genovese crime family, who sought the names of law enforcement officials, interviewees and witnesses who provided statements leading to his criminal conviction, because disclosure of names could result in embarrassment, intimidation or retaliation); Manchester v. Drug Enforcement Administration, 823 F. Supp. 1259 (E.D. Pa. 1993) (denied FOIA request by convicted criminal, who sought the names of DEA agents and confidential informants involved in his conviction, because disclosure would subject those individuals to potential harassment and danger).

---

[3] Mr. Raphael recently has obtained an explicit, notarized waiver of privacy from Mr. Smythe, who is confined in a Federal prison in Florida.  See Exhibit E.  The FBI, through R.J. Saturno, Esq., has represented that it will now approve the release of an FBI-302 Report in which Mr. Smythe's name is unredacted. Mr. Davies has been released from imprisonment and deported to the United Kingdom, where his location is presently unknown.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

By:   KEVIN E. RAPHAEL, ESQUIRE
      Miller, Alfano & Raspanti, P.C.
      Suite 3402
      1818 Market Street
      Philadelphia, PA 19103

Date: October 1, 2002      (215) 972-6400

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Plaintiff's Surreply to Defendant's United States Department of Justice's Reply has been served on this date upon the following individual and in the manner indicated below:

<u>VIA HAND DELIVERY</u>

Susan Shinkman, Esquire
Assistant U.S. Attorney
Department of Justice
United States Attorney's Office
 for Eastern District of Pennsylvania
615 Chestnut Street, Rm. 1250
Philadelphia, PA  19106

|  |  |
|---|---|
| Date:  October 1, 2002 | KEVIN E. RAPHAEL, ESQUIRE<br>MILLER, ALFANO & RASPANTI, P.C.<br>Suite 3402<br>1818 Market Street<br>Philadelphia, PA 19103<br>(215) 972-6400 |

F:\PBL\Ker\NHL\Prudential\Surreply.wpd