**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

```
---------------------------
KEVIN E. RAPHAEL, ESQUIRE, :
          PLAINTIFF   :
                      :        NO. 02-CV-3808
        V.            :
                      :
UNITED STATES DEPARTMENT :
OF JUSTICE,           :
          DEFENDANT   :
---------------------------
```

**DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR INJUNCTIVE RELIEF**

COMES NOW Defendant Federal Bureau of Investigation (FBI) by and through its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Susan Shinkman, Assistant United States Attorney for the Eastern District of Pennsylvania, hereby answer the Complaint for Injunctive Relief as follows:

1. Denied.  Paragraph 1 contains Plaintiff's characterization of the action and pronouncements of relief requested.  An answer is not required to this averment.

2. Denied.  Paragraph 2 contains Plaintiff's jurisdiction basis for the action.  An answer is not required to this averment.

3. Admitted in part; denied in part.  Defendant admits to possession and control of FBI FD-302 report of Edward Laurence McLeod.  The remainder of the averments of Paragraph 3 are denied as characterizations of the action and pronouncements of relief requested.

4. Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and they are therefore denied.

5. Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 5 and they are therefore denied.

6. Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 6 and they are therefore denied.

7. Admitted in part; denied in part.  It is admitted that for FOIA purposes, the United States Department of Justice is an agency of the United States.  The remainder of the averments of Paragraph 7 are denied.

8. Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and they are therefore denied.

9. Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 9 and they are therefore denied.

10. Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and they are therefore denied.

11. Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and they are therefore denied.

12. Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 12 and they are therefore denied.

13. Admitted in part; denied in part.  It is admitted that three principals of Tri-Atlantic looted National Heritage Life.  Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 13 and they are therefore denied.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Defendants possess insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 19 and they are therefore denied.

20. Denied.  Paragraph 20 contains Plaintiff's characterizations and therefore, no answer is required to this averment.

21. Denied.  The Plaintiff's Legal conclusions contained herein warrant no response and are therefore denied by Defendant.

22. Denied.  Paragraph 22 contains Plaintiff's characterizations and therefore, no answer is required to this averment.

23. Admitted in part; denied in part.  Defendant admits that it received the letter dated November 19, 2001 attached as Exhibit A to the Complaint, to which the Court is respectfully referred for a complete and accurate expression of its contents. The remainder of the averments of Paragraph 23 are denied.

24. Admitted.  Defendant admits that it received the letter dated November 19, 2001 attached as Exhibit A to the Complaint, to which the Court is respectfully referred for a complete and accurate expression of its contents.

25. Admitted.  Defendant admits to transmittal by Defendant of a letter to Plaintiff dated November 29, 2001, to which the Court is respectfully referred for a complete and accurate expression of its contents.

26. Admitted.  Defendant admits to receipt of a letter dated December 21, 2001, which is attached to the Complaint, to which the Court is respectfully referred for a complete and accurate expression of its contents.

27. Admitted.  Defendant admits to receipt of a letter dated March 26, 2002, which is attached to the Complaint, to which the Court is respectfully referred for a complete and accurate expression of its contents.

28.  Denied. The Plaintiff's Legal conclusions contained herein warrant no response and are therefore denied by Defendant.

29. Denied.  The Plaintiff's Legal conclusions contained

herein warrant no response and are therefore denied by Defendant.

30. Denied.

AFFIRMATIVE DEFENSES

1. The Plaintiff fails to state a claim upon which relief may be granted.

2. The Plaintiff is not entitled to injunctive relief.

3. The Defendant's decision was consistent with all applicable law and regulations concerning the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act 5 U.S.C. § 552a.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays for judgment dismissing the Complaint with prejudice and that the Defendants be granted their costs.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division


_____
SUSAN SHINKMAN
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of April, 2003, a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint for Injunctive Relief was sent by first class mail, postage prepaid, to:


Kevin Raphael, Esquire
Miller, Alfano & Raspanti, PC
Suite 3402
1818 Market Street
Philadelphia, PA   19103


_____
SUSAN SHINKMAN
Assistant U. S. Attorney