IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

KEVIN E. RAPHAEL, ESQUIRE, )
           )
 Plaintiff,     )
           )
   v.      ) Civil Action No. 02-3808
           )
U.S. DEPARTMENT OF JUSTICE, )
           )
 Defendant.    )
           )

**RECEIVED**

MAY 0 1 2003

USDOJ-USAO-EDPA

## DECLARATION OF CAROL L. KEELEY

I, Carol L. Keeley, declare as follows:

(1) I am currently an Assistant Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ")in Washington, D.C.  In my capacity as Assistant Section Chief, I supervise the Freedom of Information/Privacy Act ("FOIPA") Litigation Support Unit.

(2) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of 5 U.S.C. § 552, commonly known as the Freedom of Information Act ("FOIA"), and 5 U.S.C. § 552a, commonly known as the Privacy Act of 1974.  Specifically, I am aware of the treatment which has been afforded the request of Kevin E. Raphael.

(3) The purpose of this declaration is to detail the correspondence between plaintiff and the FBI in this matter, explain the search procedure used to identify documents responsive to plaintiff's request, identify the responsive Tampa Field Office ("TFO")documents, and provide the court and plaintiff with a justification for the withholding of certain information within the responsive material pursuant to Privacy Act Exemption (j)(2) and FOIA Exemption (b)(7)(C), and to further assist the Court in its _in camera_ review of the unredacted material at issue.

## **CORRESPONDENCE**

(4) Set forth below is the current correspondence pertaining to plaintiff's FOIA request.  The correspondence is attached hereto as **Exhibits A-K.**

(5) By letter dated September 10, 2001, to the TFO, Mr. Michael K. Wolensky submitted a FOIA request for a copy of an FBI FD-302 Report that documents an interview of Mr. Edward McLeod and an FBI Special Agent.  Mr. Wolensky also submitted a privacy waiver signed by Mr. McLeod. (See **Exhibit A**).[1]

--------

[1]  We subsequently learned that Mr. Wolensky represents the defendant in an underlying lawsuit, Donna Lee Williams v. Prudential Securities, Inc. & Edward Laurence McLeod, Civil Action No. 96-32235, in which Mr. Raphael, the requestor and plaintiff in this FOIA lawsuit, represents the plaintiff, Donna Lee Williams, the Insurance Commissioner for the State of Delaware.

(6) By letter to Mr. McLeod[2] dated October 2, 2001, the TFO advised Mr. McLeod that a search was being conducted to determine if the TFO had any records responsive to his request. The TFO informed Mr. McLeod that he would be contacted once the search was completed. (See **Exhibit B**).

(7) By letter to Mr. Wolensky, dated October 11, 2001, the TFO advised Mr. Wolensky that a search of the TFO records systems located records responsive to his request.  However, the records responsive to his request were being withheld in their entirety pursuant to Exemption (b)(7)(A).[3] (See **Exhibit C**).

(8) By letter to the TFO dated November 19, 2001, plaintiff Kevin E. Raphael, Esq., informed the TFO that he was representing the Insurance Commissioner for the State of Delaware, Donna Lee Williams, in an underlying lawsuit, Donna Lee Williams v. Prudential Securities, Inc. & Edward Laurence McLeod, Civil Action No. 96-32235.  In his letter, Mr. Raphael requested a copy of Mr. McLeod's FD-302, which was needed as evidence in that case, as a follow-up to Mr. Wolensky's earlier request, enclosed Mr. McLeod's privacy waiver, and also requested a copy

_____

[2]    This October 2, 2001 letter was inadvertently addressed to Mr. McLeod and should in fact have been addressed to the original requestor, Mr. Wolensky.

[3]    Plaintiff has not raised Exemption (b)(7)(A) as an issue in his complaint and therefore it is not being addressed in this declaration.

of all other related documents responsive to the FOIA request. (<u>See</u> **Exhibit D**).

(9) By letter dated November 29, 2001, to the plaintiff, TFO advised that after a consultation with the Special Agent assigned to the case, all documents relating to this case would still be denied pursuant to Exemption (b)(7)(A). (<u>See</u> **Exhibit E**).

(10) By letter dated December 7, 2001, to TFO, plaintiff submitted another request for Mr. McLeod's FBI-302 report. (<u>See</u> **Exhibit F**).

(11) By letter dated December 21, 2001, to the U.S. Department of Justice Office of Information Privacy ("OIP"), plaintiff appealed the FBI's (b)(7)(A) response to his FOIA request. (<u>See</u> **Exhibit G**).

(12) By letter dated March 6, 2002, OIP advised plaintiff that his administrative appeal was received by their office. OIP assigned plaintiff appeal number 02-0802, and informed plaintiff that he would be notified of a decision on his appeal as soon as possible. (<u>See</u> **Exhibit H**). By letter dated July 1, 2002, OIL affirmed the FBI's action. (<u>See</u> **Exhibit H**).

(13) By letter dated August 9, 2002, Mr. Wolensky was advised that FBIHQ processed the document sought, which consisted of a five-page Memorandum of Interview ("MOI") of Mr. McLeod, pursuant to his request. This document was released to Mr.

Wolensky in redacted form.[4]  (See **Exhibit I**).[5]  However, the MOI

document was not released to plaintiff Raphael at that time.

(14) By letter dated September 19, 2002, plaintiff, who

by that time had obtained the released McLeod MOI, submitted to

the FBI Philadelphia Field Office a Privacy Act Waiver and

Certification of Identity from Patrick C. Smythe, and requested

that the FBI reconsider the redactions it had made in the

released McLeod MOI. (See **Exhibit J**).

(15) By letter dated October 24, 2002, from FBIHQ,

plaintiff was advised that a reprocessed MOI would be released

which would contain additional information as a result of the

Smythe privacy waiver provided by plaintiff.

(See **Exhibit K.**)[6]

### EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(16) The Central Records System ("CRS") utilized by the

FBI enables it to maintain all information which it has acquired

in the course of fulfilling mandated law enforcement

responsibilities.  The records maintained in the CRS consist of

administrative, applicant, criminal, personnel, and other files

---

[4]  The MOI was released to Mr. Wolensky because he was the person authorized to receive Mr. McLeod's information according to Mr. McLeod's privacy waiver.

[5]  Mr. Wolensky did not appeal this release further, and is not a party to this current FOIA action.

[6]  Plaintiff is similarly not challenging this October 24, 2002 five-page release in this action.

compiled for law enforcement purposes.  This system consists of a
numerical sequence of files broken down according to subject
matter.  The subject matter of a file may relate to an
individual, organization, company, publication, activity, or
foreign intelligence matter.  Certain records in this system are
maintained at FBIHQ.  Records which are pertinent to specific
field offices are maintained in those field offices.

(17) Access to the CRS is afforded by the General
Indices, which are arranged in alphabetical order.  The General
Indices consist of index cards on various subject matters which
are searched either manually or through the automated indices.
The entries in the General Indices fall into two categories:

(a) A "main" entry — A "main" entry carries the
name corresponding with a subject of a file
contained in the CRS.

(b) A "reference" entry — "Reference" entries,
sometimes called "cross-references," are generally
only a mere mention or reference to an individual,
organization, etc., contained in a document
located in another "main" file.

(18) Access to the CRS in FBI field offices is also
afforded by the General Indices (automated and manual), which are
likewise arranged in alphabetical order, and consist of an index
on various subjects, including the names of individuals and
organizations.  Searches made on the General Indices to locate
records concerning a particular subject, such as Mr. McLeod, are

-6-

made by searching the subject requested in the index.  Indexing
functions have been automated by FBI field divisions.

    (19) On October 16, 1995, the Automated Case Support
("ACS") was implemented for all Field Divisions, Legal Attaches,
and FBIHQ.  Over 105 million records were converted from
automated systems previously utilized by the FBI.  ACS consists
of three integrated, yet separately functional, automated
applications that support case management functions for all FBI
investigative and administrative cases, which are:

    (a) Investigative Case Management ("ICM") - ICM
provides the ability to open, assign, and close investigative and
administrative cases as well as set, assign, and track leads.  A
case is opened by the Office of Origin ("OO"), which sets leads
for itself and other divisions, as needed.  The offices that
receive leads are referred to as Lead Offices ("LOs"), formerly
known as Auxiliary Offices.  When a case is opened, it is
assigned a Universal Case File Number ("UCFN"), such as
fictitious number "111-HQ-12345," which is utilized by all FBI
offices, including FBIHQ, that are conducting or assisting in the
investigation.  The "111" indicates the type of investigation.
"HQ" is an abbreviation for the Office of Origin of the
investigation, which in this case is the FBIHQ. "12345" denotes
the individual case file number for that particular
investigation.

(b) Electronic Case File ("ECF") - ECF serves as the Central Electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept, where only the creator of a document serializes it into a file, providing single source entry of serials into the computerized system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") - UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, a 77.6 million record index, provides functions to index names to cases and to search names and cases for the FBI's investigative and administrative cases. Names of individuals or non-individuals are recorded with identifying information, such as sex, race, event date, date or place of birth, locality, Social Security Number, or address.

(20) The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent, the supervisor in the field division conducting the investigation, and the supervising FBI Special Agent at FBIHQ. The FBI does not index every name in its files; it indexes only that information considered pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this mass of information, information essential to

ongoing investigations could not be readily retrieved.  The FBI
files would thus be merely archival in nature and could not be
effectively used to serve the mandated mission of the FBI, which
is to investigate violations of federal criminal statutes.
Therefore, the General Indices to the CRS files are the means
whereby the FBI can determine what retrievable information, if
any, the FBI may have in its CRS files on a particular subject
matter, _i.e._, Mr. McLeod.

### IDENTIFICATION OF RECORDS RESPONSIVE TO THE REQUESTS

(21) A search of the CRS indices located at TFO was
conducted and it was determined that TFO file 196A-TP-32283
serial 173, which consists of five pages, was identified to be
responsive to plaintiff's request.  This file concerns an
insurance fraud investigation which the FBI has authorization to
conduct pursuant to 18 U.S.C. § 1343.

### EXPLANATION OF FORMAT UTILIZED FOR THE
### JUSTIFICATION OF DELETED MATERIAL

(22) In preparing this declaration, the responsive
material requested by plaintiff was reexamined to ensure that all
segregable information has been released.  The copy of the
document contains, on its face, coded categories of FOIA
exemptions which detail the nature of the information withheld.
To further describe the information withheld could publicly
identify the protected material.  No reasonably segregable non-
exempt portions were withheld from plaintiff.  The coded

categories are used to aid in the Court's review of the FBI's explanations of FOIA exemptions used to withhold the protected material.  Accordingly, all information withheld was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible without revealing the underlying protected material.  (<u>See</u> **Exhibit K**).

**MECHANICS OF UTILIZING THE CODED FORMAT**
**WITH THE EXEMPTION CATEGORIES**

(23) A coded format is utilized in this case to better assist the Court and plaintiff in reviewing the information withheld within the context of the document itself. Each instance of information withheld on the attached document is accompanied by a coded designation that corresponds to the categories listed below.  For example, if (b)(7)(C)-1 appears, the (b)(7)(C) designation refers to Exemption (b)(7)(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C), concerning unwarranted invasion of privacy.  The numerical designation, "(-1)" following the "(b)(7)(C)" narrows the main category to the more specific subcategory, "Names of FBI Special Agents and/or support personnel."

**SUMMARY OF JUSTIFICATION CATEGORIES**

(24) Listed below are the categories used to explain the FOIA exemptions asserted to withhold the protected material.

| CODED CATEGORIES | TYPE OF INFORMATION WITHHELD |
|---|---|
| **Category (j)(2)** | Criminal Investigative Records. |
| **Category (b)(7)(C)** | **Unwarranted Invasion of Personal Privacy** |
| (b)(7)(C)-1 | Name of a Special Agent |
| (b)(7)(C)-2 | Name of a Non-FBI Federal Government Employee |
| (b)(7)(C)-3 | Names and/or Identifying Information Concerning Third Parties Merely Mentioned |

### PRIVACY ACT EXEMPTION (j)(2)

(25) The investigatory record at issue in this matter is part of the FBI's CRS and concerns the investigation of Mr. McLeod. Accordingly, this document is exempt from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (j)(2). (See 28 C.F.R. § 16.96 (2001)). Although access to the record at issue is denied under the Privacy Act, it has been reviewed under the access provisions of the FOIA for other applicable exemptions.

### EXEMPTION (b)(7)(C)
### UNWARRANTED INVASION OF PERSONAL PRIVACY

(26) 5 U.S.C. § 552(b)(7)(C) exempts from disclosure:

Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

(27) When withholding information pursuant to this exemption, the FBI is required to balance the privacy interests of the individuals mentioned in the documents against any public interest in disclosure. In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name appears in the documents at issue. The public interest in disclosure of the information is determined by whether the information in question would inform plaintiff or the general public about the FBI's performance of its mission to enforce federal criminal and national security statutes and/or how the FBI actually conducts its internal operations and investigations. In each instance where information was withheld, it was determined that individual privacy interests were not outweighed by any public interest.

### (b)(7)(C)-1: Name of FBI Special Agent

(28) Exemption (b)(7)(C)-1 has been asserted to protect the name of a lower-level FBI Special Agent who was responsible for conducting, supervising, and/or maintaining the investigative activities reported in this investigation. Publicity (adverse or otherwise) regarding any particular investigation conducted by a Special Agent may seriously prejudice the Agent's effectiveness in conducting other investigations. The privacy consideration is also designed to protect FBI Special Agents as individuals from unnecessary, unofficial questioning as to the conduct of an

investigation, whether or not they are currently employed by the FBI.  FBI Special Agents conduct official inquiries into violations of various criminal statutes and national security cases.  They conduct searches and make arrests, both of which constitute reasonable, but nonetheless serious, intrusions into people's lives.  Those who are the focus of such official acts by FBI Special Agents may carry grudges which last for years and they may seek any excuse to harass the Special Agent involved in the investigation of themselves.  The publicity associated with the release of a Special Agent's identity in connection with a particular law enforcement investigation could rekindle animosity toward that Special Agent.  There is no public interest to be served by disclosing the identity of this Special Agent to the public.

### (b)(7)(C)-2: Name of Non-FBI Government Federal Employee

(29) Exemption (b)(7)(C)-2 has been asserted to withhold the name of a postal inspector.  This individual acted in his official capacity, assisting the FBI Special Agent conducting this investigation.  To identify this individual would possibly subject him to unofficial inquiries not anticipated by his contact with the FBI, thus resulting in an unwarranted invasion of his personal privacy.  Additionally, there is no public interest in the release of the identity of this non-FBI Federal Government employee.

## (b)(7)(C)-3: Names and/or Identifying Information Concerning Third Parties Merely Mentioned

(30) Exemption (b)(7)(C)-3 has been asserted to withhold the names and identifying information of third parties who were mentioned by name in the investigatory records concerning plaintiff. The fact that this third-party information is contained in the criminal investigative file related to plaintiff could in and of itself negatively impact the personal privacy of these individuals. In its processing of plaintiff's FOIA request, the FBI has tried to release all segregable information without infringing upon the privacy of third parties. To release the names and other personal information about these individuals, without a privacy waiver, could cause unsolicited and unnecessary attention to be focused on them and may cast them in an unfavorable light. These individuals have strong privacy interests because the information recorded in this document pertains to them. There is no public interest to be served in releasing this information to plaintiff. Further, the information withheld under Exemption (b)(7)(C)-3 does not shed light on the FBI's performance of its statutory duties.

### CONCLUSION

(31) The FBI has processed and released to plaintiff all segregable, non-exempt information. (See **Exhibit K**). Each page released to plaintiff contains coded exemption notations in the margins which notes the general nature of the information

-14-

withheld pursuant to the provisions of the FOIA.  To further describe with any more specificity the information withheld would identify the material the FBI seeks to protect.  Every effort has been made to provide plaintiff with all information which does not violate the personal privacy of third parties.  There is no additional reasonably segregable information which can be released.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through K are true and correct copies.

Executed this _29th_ day of April, 2003.


CAROL L. KEELEY
Assistant Section Chief
Record/Information Dissemination
  Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

# EXHIBIT
# A

KUTAK ROCK LLP

SUITE 2100
PEACHTREE CENTER SOUTH TOWER
225 PEACHTREE STREET, N.E.
ATLANTA, GEORGIA 30303-1731

404-222-4600
FACSIMILE 404-222-4654

www.kutakrock.com

CHICAGO
DENVER
FAYETTEVILLE
KANSAS CITY
LINCOLN
LITTLE ROCK
NEWPORT BEACH
OKLAHOMA CITY
OMAHA
PASADENA
RICHMOND
SCOTTSDALE
WASHINGTON

MICHAEL K. WOLENSKY

September 10, 2001

Federal Bureau of Investigation
Suite 610, Federal Office Building
500 Zack Street
Tampa, FL 33602-3917
Attention: FOIA

Re: *Freedom of Information Act Request for FBI 302 Report for Edward Laurence McLeod, D.O.B. 10/15/48*

TO WHOM IT MAY CONCERN:

I am writing to request a copy of an FBI 302 Report that documents an interview of Mr. Edward Laurence ("Larry") McLeod (D.O.B. 10/15/48) given to FBI Investigator Joe Judge in or about May of 1995 in Orlando, Florida area. Enclosed are executed originals of the Certification of Identity and the Privacy Waiver and Certification of Identity for Mr. McLeod. He has requested that the records be sent directly to me.

Please do not hesitate to telephone me at (404) 222-4600 with any questions about this request.

Very truly yours,

Michael K. Wolensky

blw
Enclosures

U.S. Department of Justice

### Certification of Identity



Privacy Act Statement In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503

Full Name of Requester [1]  Edward Laurence McLeod

Citizenship Status [2]  United States      Social Security Number [3]  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

Current Address  1320 Legion Drive, Winter Park, FL  32789

Date of Birth  10/15/48      Place of Birth  Tampa, FL.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  Edward L. McLeod      Date  9/2/01

### OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Michael K. Wolensky, Esq.
Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

Privacy Waiver and Certification of Identity

Full Name: Edward Laurence McLeod

Current Address: 1820 Legion Drive, Winter Park, FL  32789

Date of Birth _____ 12/15/48 Place of Birth _Tampa, FL_

      Under penalty of Perjury, I hereby declare that I am the person named above and I understand

that any falsification of this statement is punishable under provisions of Title 18, United States Code

(U.S.C.) Section 1001 by a fine of not more that $10,000 or by imprisonment of not more than 5 years, or

both; and that requesting or obtaining any record(s) under false pretenses is punishable under the

provisions of Title 5, U.S.C., Section 552a (i)(3) as misdemeanor and by a fine of not more than $5,000.

I hereby waive my right to  privacy, and I authorize the FBI to release any and all information relating to

me to:  Michael K. Wolensky, Esq.
_____
                        (Attorney or other Designee)

Your Signature: _Edward L. McLeod_

Subscribed and sworn to before me, this _7TH_ day of _September_ 20 _01_

Signature of Notary: _Charlene Marie Weddle_

My Commission Expires: _____

Notary Seal or Stamp

Charlene Marie Weddle
My Commission CC807133
Expires February 7, 2003

# EXHIBIT
# B



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

500 Zack Street
Room 610
Tampa, Florida 33602
(813) 272-8061
October 2, 2001

Mr. Edward Lawrence McLeod
1820 Legion Drive
Winter Park, FL  32789

Dear Mr. McLeod:

    This is in response to your Freedom of Information/Privacy Acts (FOI/PA) request dated September 10, 2001 and received by this office on September 13, 2001.

    We are currently conducting a search of indices to our central records system files at the Federal Bureau of Investigation (FBI) Tampa Division to determine if we have the records you are seeking.  Upon completion of this review, we will advise you.

    Your patience will be appreciated.

Sincerely yours,

Robert J. Chiaradio
Special Agent in Charge

By:
Peter R. Wubbenhorst
Supervisory Special Agent
Chief Division Counsel

# EXHIBIT
# C



**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No. 190-TP-54421

500 Zack Street
Room 610
Tampa, Florida 33602
(813) 272-8061
October 11, 2001

Kutak Rock LLP
Suite 2100
225 Peachtree Center Street, N.E.
Atlanta, GA  30303-1731

Attn:  Michael K. Wolensky

Re: EDWARD LAWRENCE MC LEOD

Dear Mr. Wolensky:

This is in response to your Freedom of Information/Privacy Acts (FOI/PA) request regarding the above subject, dated September 10, 2001 and received by this office on September 13, 2001.

A search of the Tampa Central Record System located records responsive to your request.  However, these records concerning you are being withheld in their entirety pursuant to Title 5, United States Code (U.S.C.), Section 552 and 552a subsections (j)(2) and (b)(7)(A).  A copy of the Explanation of Exemptions is enclosed for your convenience.

If you desire, you may submit an Administrative Appeal from any denial contained herein.  Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within sixty (60) days from receipt of this letter.  The envelope and the letter should be clearly

marked "Freedom of Information Appeal" or "Information Appeal".
Please cite the name of the office to which your original request
was directed.

Sincerely yours,

Robert J. Chiaradio
Special Agent in Charge

By:
Peter R. Wubbenhorst
Supervisory Special Agent
Chief Division Counsel

Enc.(2)

2

# EXHIBIT

# D

LAW OFFICES

## MILLER, ALFANO & RASPANTI, P.C.

SUITE 3402
1818 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19103
(215) 972-6400

AFFILIATED
NEW JERSEY OFFICE
25 CHESTNUT STREET, SUITE 105
HADDONFIELD, NEW JERSEY 03033
(856) 354-0955

PENNSYLVANIA FAX: (215) 981-0082
NEW JERSEY FAX: (856) 354-0918

REPLY TO:
Pennsylvania

November 19, 2001

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

Peter R. Wubbenhorst
Supervisory Special Agent
Chief Division Counsel
Federal Bureau of Investigation
Suite 610, Federal Office Building
5 W. Zack Street
Tampa, FL 33602-3917

Re:    Freedom of Information Act Request For
       FBI 302 Report for Edward Laurence McLeod,
       D/O/B: 10/15/48
       Donna Lee Williams v. Prudential Securities, Inc.
       & Edward Laurence McLeod, CI 96-32235

Dear Mr. Wubbenhorst:

We represent Donna Lee Williams, the Insurance Commissioner
for the State of Delaware, as receiver for National Heritage Life
Insurance Company ("National Heritage Life") in the above-
referenced civil action. On July 16, 2001, pursuant to the Freedom
of Information Act, my firm requested a copy of an FBI-302 Report
that documents an interview of Mr. Edward Laurence McLeod given to
FBI Investigators in or about May 1995 in the Orlando, Florida
area. On July 19, 2001, you wrote to inform us that we needed to
enclose with our request a privacy waiver and a certification of
identity of Mr. McLeod.

In the interim, Mr. McLeod, through his attorney, also
requested Mr. McLeod's FBI-302 report. Mr. McLeod submitted his
privacy waiver and a certification of identity with his request.
The FBI summarily denied Mr. McLeod's request based on two
exceptions: 5 U.S.C. §§ 552 and 552(a) subsections (j)(2) and

MILLER, ALFANO & RASPANTI, P.C.

Peter R. Wubbenhorst
2

(b)(7)(A).  We write to again request Mr. McLeod's FBI-302 report pursuant to the Freedom of Information Act (FOIA) and enclose copies of Mr. McLeod's waiver of privacy and certification of identity as Exhibit 1.[1]

To the extent the FBI seeks to exempt Mr. McLeod's FBI-302 report pursuant to 5 U.S.C. §§ 552 and 552a subsections (j)(2) and (b)(7)(A), we would request that the FBI identify the enforcement proceedings or "enforcement of criminal law" which would support these exemptions.  To our knowledge, based on our representation of the Insurance Commissioner for the State of Delaware, as Receiver of National Heritage Life, all criminal investigations concerning National Heritage Life have been completed, and all individuals indicted have been either acquitted or sentenced.  Accordingly, there should not be any impediment to producing the documents we have requested, particularly Mr. McLeod's actual FBI-302 report.  "Exemption 7(A) does not automatically authorize the wholesale withholding of records or information simply because the material is related to an enforcement proceeding.  (citations omitted)...Rather an agency seeking to shield records or information behind exemption 7(A) must show that disclosure could reasonably be expected perceptibly to interfere with an enforcement proceeding."  North v. Wolsh, 881 F. 2d 1088 (D.C. Cir. 1989).

Based upon the foregoing and the enclosed documents, we renew our FOIA request and request that the FBI produce: (1) Mr. McLeod's complete FBI-302 report; (2) a copy of all other related documents responsive to our FOIA request, with any redactions as necessary to protect the FBI's interests; and/or (3) an explanation of how the disclosure of these documents, or the redacted portions thereof, could reasonably be expected to interfere with an enforcement proceedings or the "enforcement of criminal law" so that the claimed exemptions are justified.  Particularly, we would ask the FBI to identify which proceedings or enforcement it believes are, or would be, impacted.

---

[1]   Mr. McLeod was interviewed concerning the fraudulent purchase of, and subsequent theft from, National Heritage Life by third parties.  The statements by Mr. McLeod are both material and relevant to the underlying civil litigation being pursued by National Heritage Life.

MILLER, ALFANO & RASPANTI, P.C.

Peter R. Wubbenhorst
3


Thank you for your consideration and cooperation.  If you have
any questions, please do not hesitate to contact the undersigned.

Very truly yours,

KEVIN E. RAPHAEL

KER/dd
cc:  Fredric Marro, Esquire
     Gaetan F. Alfano, Esquire
     Tamara Traynor, Esquire
     Jodeen Hobbs, Esquire
     Leon Handley, Esquire


F:\PBL\ker\NNL\Prudential\ddWubbenhorst00(1)lr

# EXHIBIT
# E



U.S. Department of Justice

Federal Bureau of Investigation

in Reply, Please Refer to
File No 190-TP-54421

500 Zack Street
Room 610
Tampa, Florida 33602
(813) 272-5061
November 29, 2001

Miller, Alfano & Raspanti, P.C.
Suite 3402
1818 Market Street
Philadelphia, PA  19103

Attn:  Kevin E. Raphael

Re: EDWARD LAWRENCE MC LEOD

Dear Mr. Raphael:

This is in response to your letter dated November 19,
2001. After consultation with the Special Agent assigned to the
case, all documents relating to this case are still denied under
Title 5, United States Code, Section 552 and 552a; subsections
(j)(2) and (b)(7)(A).

As I stated in my letter dated October 11, 2001, to
Michael K. Wolensky, an Administrative Appeal may be submitted
from any denial contained herein. Appeals should be directed in
writing to the Co-Director, Office of Information and Privacy,
United States Department of Justice, Flag Building, Suite 570,
Washington, D.C. 20530, within sixty (60) days from receipt of
this letter. The envelope and the letter should be clearly

marked "Freedom of Information Appeal" or "Information Appeal".
Please cite the name of the office to which your original request
was directed.

Sincerely yours,

Lawrence E. Albert, Jr.
Acting Special Agent in Charge

By:
Peter R. Wubbenhorst
Supervisory Special Agent
Chief Division Counsel

2

# EXHIBIT
F

Pennsylvania

December 7, 2001

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Peter R. Wubbenhorst
Supervisory Special Agent
Chief Division Counsel
Federal Bureau of Investigation
Suite 610, Federal Office Building
5 W. Zack Street
Tampa, FL 33602-3917

   Re: Freedom of Information Act Request For
     FBI 302 Report for Edward Laurence McLeod,
     D/O/B: 10/15/48
     Donna Lee Williams v. Prudential Securities, Inc.
     <u>& Edward Laurence McLeod, CI 96-32235</u>

Dear Mr. Wubbenhorst:

  We represent Donna Lee Williams, the Insurance Commissioner for the State of Delaware, as receiver for National Heritage Life Insurance Company ("National Heritage Life") in the above-referenced civil action. On July 16, 2001, pursuant to the Freedom of Information Act, my firm requested a copy of an FBI-302 Report that documents an interview of Mr. Edward Laurence McLeod given to FBI Investigators in or about May 1995 in the Orlando, Florida area. On July 19, 2001, you wrote to inform us that we needed to enclose with our request a privacy waiver and a certification of identity of Mr. McLeod.

  In the interim, Mr. McLeod, through his attorney, also requested Mr. McLeod's FBI-302 report. Mr. McLeod submitted his privacy waiver and a certification of identity with his request. The FBI summarily denied Mr. McLeod's request based on two exceptions: 5 U.S.C. §§ 552 and 552(a) subsections (j)(2) and

Peter R. Wubbenhorst
3

(b)(7)(A). We write to again request Mr. McLeod's FBI-302 report pursuant to the Freedom of Information Act (FOIA) and enclose copies of Mr. McLeod's waiver of privacy and certification of identity as Exhibit 1.[1]

To the extent the FBI seeks to exempt Mr. McLeod's FBI-302 report pursuant to 5 U.S.C. §§ 552 and 552a subsections (j)(2) and (b)(7)(A), we would request that the FBI identify the enforcement proceedings or "enforcement of criminal law" which would support these exemptions. To our knowledge, based on our representation of the Insurance Commissioner for the State of Delaware, as Receiver of National Heritage Life, all criminal investigations concerning National Heritage Life have been completed, and all individuals indicted have been either acquitted or sentenced. Accordingly, there should not be any impediment to producing the documents we have requested, particularly Mr. McLeod's actual FBI-302 report. "Exemption 7(A) does not automatically authorize the wholesale withholding of records or information simply because the material is related to an enforcement proceeding. (citations omitted)...Rather an agency seeking to shield records or information behind exemption 7(A) must show that disclosure could reasonably be expected perceptibly to interfere with an enforcement proceeding." North v. Wolsh, 881 F. 2d 1088 (D.C. Cir. 1989).

Based upon the foregoing and the enclosed documents, we renew our FOIA request and request that the FBI produce: (1) Mr. McLeod's complete FBI-302 report; (2) a copy of all other related documents responsive to our FOIA request, with any redactions as necessary to protect the FBI's interests; and/or (3) an explanation of how the disclosure of these documents, or the redacted portions thereof, could reasonably be expected to interfere with an enforcement proceedings or the "enforcement of criminal law" so that the claimed exemptions are justified. Particularly, we would ask the FBI to identify which proceedings or enforcement it believes are, or would be, impacted.

---

[1] Mr. McLeod was interviewed concerning the fraudulent purchase of, and subsequent theft from, National Heritage Life by third parties. The statements by Mr. McLeod are both material and relevant to the underlying civil litigation being pursued by National Heritage Life.